IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMJI LAL, | ) | 1:07-cv-00255-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | GRANT RESPONDENT'S MOTION TO DISMISS |
| v. | ) | PETITION FOR WRIT OF HABEAS CORPUS |
| | ) | FOR MOOTNESS (Doc. 6) |
| MICHAEL CHERTOFF, | ) | |
| | ) | ORDER DIRECTING PARTIES TO FILE |
| Respondent. | ) | OBJECTIONS WITHIN TWENTY DAYS |
| | ) | |

    Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    Petitioner originally filed documents with this Court on February 16, 2007 . (Doc. 1). The documents did not include a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Instead, the filing consisted of several letters and notices apparently sent to Petitioner's attorney regarding his unsuccessful appeal of the final order of removal. Nevertheless, the Clerk of the Court construed the filing as a petition for writ of habeas corpus and the case was referred to this United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. The documents suggest that, at the time they were filed, Petitioner was in the custody of the United States Bureau of Immigration and Customs Enforcement ("ICE").

    On May 1, 2007, Respondent filed the instant motion to dismiss on grounds that Petitioner had been released under supervision and thus any habeas claim of unlawful detention was moot. (Doc. 6). Petitioner has filed no response to the motion to dismiss.

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990). If it may be conclusively determined from the face of the petition that Petitioner is not entitled to relief on the grounds alleged, then the petition must be dismissed. Rule 4 of the Rules Governing § 2254 Cases[1]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

In the instant case, the only issue properly before this Court is the constitutionality of Petitioner's detention by Respondent,[2] and the only relief which the Court could afford to Petitioner

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

[2] On May 11, 2005, Public Law 109-13 was enacted. REAL ID Act of 2005, PL 109-13, 119 Stat 231. Section 106 of that law (i.e., "RIDA"), is entitled "Judicial Review of Orders of Removal." Section 106 amends 28 U.S.C. § 1252, providing in pertinent part as follows:
"Notwithstanding any other provisions of law (statutory or non-statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision...<u>a petition for review filed in an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered</u> or issued under any provision of this Act, except as provided in subsection (e)...."(Emphasis supplied.)
The plain language of Section 106 thus divests the federal district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued. Thus, although the documents construed in this case by the Clerk of Court as a habeas petition do not expressly allege unlawful detention

1  in these proceedings is an order releasing him from custody, in the event that the Court determined
2  that his continued detention by ICE indeed was unlawful.
3       The record now before the Court establishes that Petitioner was released from Respondent's
4  custody on February 23, 2007. (Doc. 6-2, p. 1).  Thus, since there is no further relief that the Court
5  can afford Petitioner, Respondent's motion to dismiss for mootness should be GRANTED and the
6  Petition should be DISMISSED for failure to state a claim.

## RECOMMENDATIONS

8      Based on the foregoing, the Court RECOMMENDS as follows:
9      1. Respondent's Motion to Dismiss (Doc. 6), should be GRANTED;
10     2. The Petition for Writ of Habeas Corpus (Doc. 1), should be DISMISSED for failure to
11     state a claim as it is now MOOT.
12      These Findings and Recommendations are submitted to the United States District Judge
13 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
14 Local Rules of Practice for the United States District Court, Eastern District of California.  Within
15 twenty (20) days after being served with a copy, any party may file written objections with the court
16 and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate
17 Judge's Findings and Recommendations." The District Court will then review the Magistrate Judge's
18 ruling pursuant to 28 U.S.C. § 636 (b)(1)(c)).  The parties are advised that failure to file objections
19 within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst,
20 951 F.2d 1153 (9th Cir. 1991).
21
22 IT IS SO ORDERED.
23 Dated:   **June 27, 2007**                                          **/s/ Theresa A. Goldner**
                                                                                        UNITED STATES MAGISTRATE JUDGE
24
25
26 ───────────────────────
27 by ICE– to the contrary, the only documents in the "petition" appear to challenge Petitioner's final order of removal–such unlawful detention is the only issue this Court has jurisdiction to consider under the RIDA.  If Petitioner intended to
28 challenge the final order of removal, his only remedy is to file a petition for review in the United States Court of Appeals for the Ninth Circuit.